UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 11-5027-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | DENYING MOTION |
| | ) | TO DISMISS |
| DENNIS R. WICKS; | ) | |
| FRANK C. OZAK, and | ) | |
| M. DEAN JORGENSEN, as trustees | ) | |
| of FREDA JOHNSON TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

The government filed a civil complaint against defendants to (1) reduce to judgment federal tax assessments against Dennis R. Wicks; (2) obtain a judicial determination that Dennis Wicks has an ownership interest in and to foreclose federal tax liens against two real properties in Custer County, South Dakota; (3) set aside fraudulent conveyances made by defendant Wicks; and (4) have the proceeds from the foreclosure sales distributed as directed by the court. (Docket 1). Defendant Wicks filed a motion to dismiss the complaint. (Docket 10). Briefing is complete and the motion is ripe for resolution.

## DISCUSSION

In lieu of filing an answer, Defendant Wicks filed a motion to dismiss for lack of subject matter jurisdiction. (Docket 10, p. 1). The motion was

filed *in propria persona*.[1]  Id.  Defendants Frank C. Ozak and M. Dean Jorgensen, as trustees of Freda Johnson Trust, have neither filed an answer nor joined in Mr. Wick's motion.

As a preliminary matter, the court must address the issue of Mr. Wicks' relationship to the other defendants.  It is unclear from Mr. Wicks' motion whether he perceives the motion to be filed on behalf of the other defendants.  The law is clear that Mr. Wicks, as a non-lawyer, may not do so.  28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Without variance, every federal appeals court allows an individual, as a defendant, to proceed *pro se* under § 1654.  "As a general matter of federal law, an individual proceeding in federal court has the right to present his case *pro se* . . . ."  Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 67 (2d Cir. 2011) (referencing 28 U.S.C. § 1654).  However, it is undisputed law "for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland

---

[1]*In propria persona* is "a procedure in which, under former rules, one challenging the jurisdiction of a court represent[s] himself because an attorney was an officer of the court and was presumed to have obtained leave of court in order to plead which admitted jurisdiction." United States v. Schiefen, 926 F. Supp. 877, 879 n. 3 (D.S.D. 1995) (citing Black's Law Dictionary, 792 (6th ed. 1990).


v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).  Courts have uniformly held "that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."  Id. at 202.  A non-lawyer may not represent a corporation in federal court.  Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001).  See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); Joshua Building Trust v. Clementi, 78 F.3d 588 (8th Cir. 1996) (Table) ("A non-lawyer trustee may not represent a trust pro se in federal court.").  See also Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation. . . . We have extended this reasoning to partnerships and single shareholder corporations, as well as to shareholders who file derivative suits. . . ." (citing Rowland, 506 U.S. at 202 (other internal citations omitted); United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan, 416 F.2d 1244, 1245 (6th Cir. 1969) ("The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court.  28 U.S.C. § 1654 . . . ."); Turner v. American Bar Ass'n, 407 F. Supp.

451 (N.D. Tex. 1975), aff'd, 539 F.2d 715 (Table), aff'd, 542 F.2d 56 (Table) (corporations and partnerships must be represented by licensed counsel).

While Mr. Wicks is entitled to represent himself, he is not permitted to represent the other defendants. As trustees of a trust, these defendants may only make an appearance in federal district court through a licensed attorney admitted to practice in this court. Knoefler, 20 F.3d at 348; Joshua Building Trust, 78 F.3d at 588. For these reasons, the court will only consider Mr. Wicks' motion as personal to him.

Mr. Wicks argues that since "the office of the Secretary [of the Department of the Treasury]" failed to respond to Mr. Wicks' written demands for proof of the tax assessments and other information, the court lacks subject matter jurisdiction. (Docket 10, pp. 1-6). He argues "in the absence of a *record* that any assessment was 'made by *recording* the assessment *in the office of the Secretary*,' in accordance with 26 U.S.C. § 6203, 'in the District of Columbia, and not elsewhere,' in accordance with 4 U.S.C. § 72, there is no assessment." Id. at p. 7 (emphasis in original). "The lack of any record made in accordance with 44 U.S.C. § 3101, of any 'assessment' purported to have been made in accordance with 26 U.S.C. § 6203, and 4 U.S.C. § 72, deprives this Court of subject-matter jurisdiction . . . and this case must be dismissed with prejudice." Id. at p. 9 (emphasis in original).

The premise of his argument is 26 U.S.C. § 7801(a)(1) places "the administration and enforcement of [the Internal Revenue Code] . . . under the supervision of the Secretary of the Treasury." (Docket 10, ¶ 2). Mr. Wicks fails to acknowledge or recognize the enforcement of the Internal Revenue Code rests with the Attorney General of the United States. See 26 U.S.C. § 7801(a)(2).

Mr. Wicks is entitled to copies of his tax returns and the assessments. 26 U.S.C. §§ 6103 and 6203. Without supporting proof or legal authority, Mr. Wicks claims enforcement of the collection provisions of the Internal Revenue Code is prohibited because the "Secretary" never provided him with copies of his tax assessments. (Docket 10, pp. 5-6). Mr. Wicks claims an alleged failure of the Secretary of the Department of the Treasury to personally produce documents in response to his 2010 Freedom of Information Act ("FOIA") request, deprives the court of subject matter jurisdiction. Id. at pp. 8-9. Mr. Wicks suggests a regional or local IRS office production of his records fails as a matter of law. This is a disingenuous and frivolous argument.

Dismissal for lack of subject matter jurisdiction is governed by the Federal Rules of Civil Procedure. "[A] party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "The existence of subject-matter jurisdiction is a question of law

5

. . . ." ABF Freight System, Inc. v. International Brotherhood of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990) (citing Menchaca v. Chrysler Credit Corporation, 613 F.2d 507, 511 (5th Cir. 1980); Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir. 1977)).

In a facial attack, "the court restricts itself to the face of the pleadings . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. (internal citations omitted). "The general rule is that a complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (additional internal citation omitted).

"In a factual attack, the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (internal citation omitted). "When a district court engages in a factual review, it inquires into and resolves factual disputes." Faibisch v. University of Minnesota, 304 F.3d 797, 801 (8th Cir. 2002). "Any findings of fact made by the district court are reviewed for clear error." Id. "Because

at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn, 918 F.2d at 730. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Id. "If the defendant thinks the court lacks jurisdiction, the proper course is to request an evidentiary hearing on the issue. [Defendant's] motion may be supported with affidavits or other documents." Id. (internal citation omitted).

The complaint asserts jurisdiction under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403 of the Internal Revenue Code. (Docket 1, p. 1). Those sections provide in pertinent part, the following:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . . [28 U.S.C. § 1340];

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. [28 U.S.C. § 1345];

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the

> internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws. [26 U.S.C. § 7402(a)]; and

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.  [26 U.S.C. § 7403(a)].

"The district court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340 (original jurisdiction of civil action arising under any Act of Congress provision for the Internal Revenue), 1345 (original jurisdiction of all civil actions, suits, or proceedings commenced by the United States), and 26 U.S.C. § 7402 (action to reduce to judgment tax assessments and foreclose tax liens against property)." United States v. Scherping, 187 F.3d 796, 798 (8th Cir. 1999).

If defendant Wicks' attack on subject matter jurisdiction is a facial attack, the complaint should not be dismissed, because the court cannot conclude "beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Osborn, 918 F.2d at 729 n. 6 (internal citation omitted).  If defendant Wicks' attack on subject matter jurisdiction is a factual attack, the court must review the record and determine whether the facts support subject matter jurisdiction.  "Because

jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007) (internal citation and quotation marks omitted).

Based on the record, the court makes the following limited factual determinations.  First, Mr. Wicks offered only his FOIA request letter as evidence to support the motion.  See Docket 10-1.  Second, Mr. Wicks did not request a hearing, nor does he suggest what additional evidence would be presented if a hearing on the motion to dismiss were held.  Third, the government presented the certificates of official records as certifications of assessments and payments for the tax years ending December 31, 2001, and December 31, 2002.  (Docket 11-1).

Certificates of an official record of an agency of the United States qualify as a public record under Fed. R. Evid. 1005.  "The contents of an official record . . . including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with [R]ule 902 . . . ."  Fed. R. of Evid. 1005.  These certificates qualify as self-authenticating domestic public documents because they "bear[] a seal . . . of the United States . . . and [contain] a signature purporting to be an attestation."  Fed. R. of Evid. 902(1).

"Certificates of Assessments and Payments submitted by the government . . . are sufficient to establish the validity of the assessments." United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993). Defendant Wicks' argument the Treasury certificates are not proper evidence for consideration by the court is without merit.

Without determining whether these particular certificates are valid for purposes of converting them to a money judgment in favor of the government, since Mr. Wicks had not yet filed an answer and the court has not yet been requested to resolve any dispute regarding them, the certificates provide a proper basis for subject matter jurisdiction. Fed. R. Evid. 1005; 26 U.S.C. §§ 7402(a) and 7403(a). "The Commissioner's determination of a tax deficiency is presumptively correct, and the taxpayer bears the burden of proving that the determination is arbitrary or erroneous." Day v. Commissioner of the Internal Revenue Service, 975 F.2d 534, 537 (8th Cir. 1992) (citing United States v. Janis, 428 U.S. 433, 440-41 (1976); Mattingly v. United States, 924 F.2d 785 (8th Cir.1991)). See also Caulfield v. Commissioner of the Internal Revenue Service, 33 F.3d 991, 993 (8th Cir. 1994) ("A presumption of correctness normally attaches to the Commissioner's assessment of a tax deficiency.").

Even if the court accepts Mr. Wicks' factual assertion as true that the Secretary did not properly respond to his FOIA request, that fact would not

defeat the court's subject matter jurisdiction. This collateral fact would be irrelevant and immaterial to the court's authority to exercise subject matter jurisdiction over the government's request for a money judgment and enforcement of its tax liens. 26 U.S.C. §§ 7402(a) and 7403(a).

### ORDER

Based on the above analysis, it is hereby

ORDERED that defendant Dennis R. Wick's motion to dismiss (Docket 10) is denied.

IT IS FURTHER ORDERED that defendant Wicks must file his answer to the complaint within seventeen days after his notice of entry of this order.[2]

Dated November 21, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[2]Fed. R. Civ. P. 12(a)(4)(A) requires the responsive pleading to be filed within fourteen days after denial of a motion to dismiss. The court is allowing an additional three days for mailing and receipt of a copy of this order by Mr. Wicks.