UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV. 11-5027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING** |
| | ) | **DEFENDANT WICKS' MOTION** |
| DENNIS R. WICKS, | ) | **FOR PROTECTIVE ORDER** |
| FRANK C. OZAK, and | ) | [DOCKET NO. 16] |
| M. DEAN JORGENSEN, as | ) | **AND GRANTING PLAINTIFF'S** |
| trustees of the | ) | **MOTION TO COMPEL** |
| FREDA JOHNSON TRUST, | ) | [DOCKET NO. 21] |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This is an action brought by the United States of American to foreclose on certain federal tax liens arising out of tax obligations allegedly owed by defendant Dennis R.Wicks.  The government alleges that Mr. Wicks fraudulently transferred some of his property to the Freda Johnson Trust, which entity the government alleges is not a legal trust, in an attempt to avoid his tax obligations.

Pending before the court is a motion for a protective order by Mr. Wicks, who is representing himself ***pro se***.  See Docket No. 16.  The government resists Mr. Wicks' motion and moves to compel Mr. Wicks to respond to the government's discovery requests.  See Docket No. 21.  Both motions were

referred to this magistrate judge for decision by the Honorable Jeffrey L. Viken, District Judge.

## FACTS

The facts which are relevant to these motions are as follows.  Mr. Wicks, a self-employed physician, resides in Custer, South Dakota.  Two parcels of real property are the subjects of the government's tax liens:  the parcel on which Mr. Wicks has his residence and an undeveloped parcel.

The government alleges that Mr. Wicks did not file federal income tax returns for the years 2001 and 2002.  The government notified Mr. Wicks of these omissions in late January, 2004.  On approximately February 3, 2004, Mr. Wicks transferred the two above-described parcels of real estate to the Freda Johnson Trust.  The government alleges that the Freda Johnson Trust is a sham device created in an attempt to shield Mr. Wicks' assets from the government.  The Freda Johnson Trust is not registered with the Secretary of State of any state in the United States.  It also has no registered tax identification number.

The government filed its complaint in this matter against Mr. Wicks, the trust, and the other two individual defendants (who are allegedly trustees of the trust) on March 31, 2011.  See Docket No. 1.  After receiving an extension of time to answer, Mr. Wicks filed a motion to dismiss on June 16, 2011.  See Docket No. 10.  This motion remained pending for five months, during which

time no order was issued directing the parties to hold their Form 52 planning meeting.

During the pendency of Wicks' motion, the government alleges that it contacted the district court's chambers and inquired about the status of the motion as well as made inquiry into whether discovery could be pursued. The government alleges that the district court staff informed it to proceed with discovery. The government served Mr. Wicks with discovery requests on or about October 7, 2011. Mr. Wicks has never responded to these requests.

On November 21, 2011, the district court denied Mr. Wicks' motion to dismiss. See Docket No. 13. It then directed the parties to hold their Form 52 conference. See Docket No. 15. That conference was held on January 26, 2012. The parties filed a report of their meeting and the district court issued a Rule 16 scheduling order on February 10, 2012. See Docket Nos. 18, 19. Under the terms of the court's scheduling order, the parties were directed to exchange with each other all prediscovery disclosures required by Fed. R. Civ. P. 26(a)(1) on or before February 24, 2012.

The day before the parties held their Form 52 planning meeting, Mr. Wicks moved for a protective order. See Docket No. 16. He objected to the discovery requests served on him by the government. Mr. Wicks's sole objection is that the government requests were premature, having been served on him prior to the parties' planning meeting.

3

The government resists Mr. Wicks' motion.  See Docket No. 20.  The
government also filed a motion to compel Mr. Wicks to respond to the
government discovery requests, noting that Mr. Wicks has not responded and
has not shown any substantive reason why the discovery should not be had.
See Docket No. 21.

## DISCUSSION

### A.    Meet and Confer Requirement

Both the Federal Rules of Civil Procedure and this district's local rules of
procedure require that parties meet and confer in an attempt to resolve
discovery disputes before filing any discovery motions with the court.  See Fed.
R. Civ. P. 37(a)(1); DSD LR 37.1.  A certification must be part of any discovery
motion and the certification must show that a good-faith effort was made to
resolve disputes with the opposing party before filing the motion.  Id.
Government counsel asserted in his original brief in support of his motion to
compel that he had complied with both the Federal and local rules requiring
the parties to try to work out discovery differences between themselves prior to
filing a motion to compel.  Thus, the court may properly consider the
government's motion to compel because it has demonstrated compliance with
the applicable conditions precedent.

Mr. Wicks, however, has not.  He has not asserted that he contacted
government counsel in an attempt to work out Mr. Wicks' objection to the

4

government's discovery.  Nor does he assert facts from which the court could infer that he had met his obligations.

Ordinarily, a movant's failure to comply with the meet and confer requirement would dictate denial of his motion.  However, in this case the subject of the government's motion and the subject of Mr. Wicks' motion are the same.  Thus, when the government satisfied the meet and confer requirement, it achieved the goal of the requirement for both motions–making sure that discovery motions are not brought before the court that the parties could have resolved informally between themselves.  Under these unique circumstances, the court will entertain Mr. Wicks' motion as well as the government's, despite Mr. Wicks' failure to satisfy the meet and confer requirement.  Mr. Wicks should take note of and comply with the meet and confer requirement should any other discovery disputes arise between he and the goverment.

**B.    Scope of Discovery in a Civil Case**

The scope of discovery is governed by Fed. R. Civ. P. 26.  The scope described by that rule is as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in

the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

See Fed. R. Civ. P. 26(b)(1).

This scope of discovery under subsection (b)(1) is limited by subsection (b)(2)(C).  That subsection provides that:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

See Fed. R. Civ. P. 26(b)(2)(C).

A party may move for a protective order from discovery upon a demonstration of good cause in order to protect themselves from annoyance, embarrassment, oppression, or undue burden or expense.  See Fed. R. Civ. P. 26(c)(1).  If a motion for protective order is denied, the court may order that the party provide or permit discovery.  Id. at (c)(2).  The court may award attorneys

fees and expenses in connection with a motion for protective order.  Id. at (c)(3); Fed. R. Civ. P. 37(a)(5).

The scope of discovery under Rule 26(b) is extremely broad.  See 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007 (2d ed. 1994) (hereinafter "Wright & Miller").   The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession."  8 Wright & Miller, § 2007, 96 (quoting Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S. Ct. 385, 392, 91 L. Ed. 2d 451 (1947)).  The Federal Rules distinguish between discoverability and admissibility of evidence.  Id. at 95; see also Fed. R. Civ. P. 26(b), 32, and 33.  Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial.  These considerations are not inherent barriers to discovery, however.

The advisory committee's note to the 2000 amendments to Rule 26(b)(1) provide guidance on how courts should define the scope of discovery in a particular case:

> Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible.

The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.  The dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision.  A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action.  For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard. ... In each case, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.

The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. ... When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action.  The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

See Fed. R. Civ. P. 26(b)(1) advisory committee's note.

The same advisory committee's note further clarifies that information is discoverable only if it is relevant to the claims or defenses of the case or, upon a showing of good cause, to the subject matter of the case.  Id.  "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy ... encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  E.E.O.C. v. Woodmen of the World Life Ins. Society, 2007 WL 1217919 at *1 (D.Neb. March 15, 2007) (quoting

8

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  The party

seeking discovery must make a "threshold showing of relevance before

production of information, which does not reasonably bear on the issues in the

case, is required." Id. (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th

Cir. 1993)).  "Mere speculation that information might be useful will not suffice;

litigants seeking to compel discovery must describe with a reasonable degree of

specificity, the information they hope to obtain and its importance to their

case." Id. (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)).

Discoverable information itself need not be admissible at trial; rather,

"discovery of such material is permitted if reasonably calculated to lead to the

discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1) advisory

committee's note.

Once the requesting party has made a threshold showing of relevance,

the burden shifts to the party resisting discovery to show specific facts

demonstrating that the discovery is not relevant, or how it is overly broad,

burdensome, or oppressive.  Penford Corp. v. National Union Fire Ins. Co., 265

F.R.D. 430, 433 (N.D. Iowa 2009); St. Paul Reinsurance Co. v. Commercial

Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000).  The articulation of

mere conclusory objections that something is "overly broad, burdensome, or

oppressive," is insufficient to carry the resisting party's burden–that party must

make a specific showing of reasons **_why_** the relevant discovery should not be

9

had.  Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, *1

(E.D. Mo. 2010); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589,

593 (W.D.N.Y. 1996).

**C.    Mr. Wicks' Motion is Moot**

Mr. Wicks' sole objection to the government's discovery request is that it

was premature.  There was some basis for this objection–at the time Mr. Wicks

made the objection.

Federal Rule of Civil Procedure 26(d)(1) provides that "a party may not

seek discovery from any source before the parties have conferred as required by

Rule 26(f), except in a proceeding exempted from initial disclosure under Rule

26(a)(1)(B), or when authorized by these rules, by stipulation, or by court

order."  The conference referred to under Rule 26(f) is the Form 52 conference.

In this case, the government served Mr. Wicks with its discovery requests

in October, 2011.  The parties did not hold their planning conference until

January 26, 2012.  Mr. Wicks was correct in pointing out that the government

served its discovery prior to the time permissible for doing so under

Rule 26(d)(1).  The government makes no argument under Rule 26(d)(1) that

this case is one exempted from initial disclosures.  Similarly, the government

does not argue that its early discovery was authorized by rule, by stipulation,

or by court order.

However, it is now May 3, 2012, over four months past the date of the parties' planning meeting.  Mr. Wicks' objection that the government's discovery requests were premature is now moot because those discovery requests are now permissible for the government to serve.  The court will not elevate form over substance by requiring the government to re-serve the same discovery requests again with a date post-dating the Form 52 conference.

Mr. Wicks makes no substantive objection to the discovery.  It is his burden to demonstrate the appropriateness of a protective order.  He has failed in doing so.  Accordingly, the court denies his request for a protective order.

**D.      The Government's Motion to Compel Should be Granted**

It is the government's burden to make an initial threshold showing that the discovery it seeks is relevant.  The government has satisfied this burden. The government believes that the Freda Johnson Trust is a sham.  The discovery requests made are intended to secure evidence that would tend to make that supposition more or less likely.

Since the government has succeeded in making a threshold showing of relevance, the burden is on Mr. Wicks to show some reason why the discovery should not be had.  Other than to argue that the discovery was prematurely requested, Mr. Wicks makes no substantive argument against the discovery. Accordingly, the court grants the government's motion to compel.

**E.      Sanctions**

Under Fed. R. Civ. P. 37(a)(5), the court "must" grant sanctions against a party who refused to provide relevant requested discovery, necessitating the opposing party's filing of a motion to compel.  Sanctions may include the attorney's fees incurred by the opposing party in making the motion to compel as well as any out-of-pocket expenses incurred by that party.  Exceptions to this are cases where the movant did not comply with the meet and confer requirement, cases where the position of the party resisting discovery was substantially justified, and cases where other circumstances make an award of expenses unjust.  See Fed. R. Civ. P. 37(a)(5)(A).

Here, the court will not sanction Mr. Wicks because, at the time he filed his motion, he was correct in pointing out that the government's discovery request was premature.  However, by the time the government filed its own motion to compel–February 15, 2012–the parties had had their planning meeting and Mr. Wicks should have provided the government with the discovery it requested (or lodge a valid substantive objection thereto).  The court cautions Mr. Wicks to read the discovery rules in the Federal Rules of Civil Procedure (Rules 26 through 37) and to read this district's local rules of civil procedure, which can be found at the court's web site under "Forms": www.sdd.uscourts.gov.  If there are future motions in this case that the court

must resolve, the court will expect that Mr. Wicks has read these rules and that he abides by them.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that defendant Dennis Wicks' motion for a protective order [Docket No. 16] is denied as moot.  It is further

ORDERED that the government's motion to compel Mr. Wicks to provide the requested discovery [Docket No. 21] is granted.  Mr. Wicks shall serve the government's counsel with his answers to the discovery requests served on him.  Mr. Wicks' responses shall be served on the government no later than 14 days from the date of this order.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson

v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir.

1986).

      Dated May 3, 2012.

              BY THE COURT:

              /s/ *Veronica L. Duffy*

              VERONICA L. DUFFY
              UNITED STATES MAGISTRATE JUDGE